JUDGE GARDEPHE                                          11 CV 2797

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
FILBERTO MENDES-GARCIA, Individually and on          Case No.
Behalf of All Other Past and Present Similarly
Situated Employees,

                        Plaintiffs,

                  -vs.-                                    **COMPLAINT**
                                                                                                         (CLASS ACTION)

77 DEERHURST CORP d/b/a SERVCO INDUSTRIES, INC.
and CHARLES CESTARO

                        Defendants.
----------------------------------------X



Plaintiff Filberto Mendes-Garcia by and through his attorneys, The Law Offices of William Cafaro, on behalf of himself and all other similarly situated past and present employees, as follows:

## PRELIMINARY STATEMENT

1. This action is being brought pursuant to the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL") to recover back wages for minimum wage, overtime, and spread of hours violations on behalf of the above captioned plaintiff and his similarly situated co-workers who currently work or have worked for the defendant 77 DEERHURST CORP, which does business as SERVCO INDUSTRIES, INC. (hereinafter "Servco") and/or its principal CHARLES CESTARO (hereinafter "Cestaro").

2. The defendant Servco is an enterprise engaged in providing commercial cleaning services to business offices and well known retail establishments. The named

plaintiff and other similarly situated employees all performed cleaning services. The named plaintiff, as well as other similarly situated past and present employees of the defendants were required to work very long shifts, many working seven days per week. The defendants profited by imposing abusive wage practices on the plaintiff and those similarly situated, the vast majority of whom are unaware of their rights or fear asserting them. The defendants engaged in companywide violative wage practices by failing to properly compensate the plaintiff and similarly situated employees at the prevailing minimum wage, for overtime work performed, failed to compensate them for split-shift and spread-of-hours pay, and even engaged in a regular practice of omitting hours from employees' paychecks on a systematic basis.

## *THE PARTIES*

3.  The plaintiff FILBERTO MENDES-GARCIA (hereinafter "Mendes-Garcia") is an individual residing in Bronx, New York.

4.  Upon information and belief, the defendant Servco was and is a domestic business corporation.

5.  Upon information and belief, Servco is a closely held corporation of which the named individual defendant is the sole principal, and upon information and belief, its principal place of business is located at 1315 Blondell Avenue, Bronx, NY 10461.

6. Upon information and belief, the defendant Servco is engaged in the commercial cleaning industry and provides cleaning services to well known retail and wholesale establishments and offices.

7. Upon information and belief, the defendant Cestaro is an individual who resides at 77 Deerhurst Road, Scarsdale, NY 10583.

8. Upon information and belief, at all times herein pertinent, the defendant Cestaro served as a principal, officer and/or manager of the defendant Servco.

9. At all times herein pertinent, the defendant Cestaro exercised close control over the managerial operations of Servco, including the policies and practices concerning employees.

10. At all times herein pertinent, the defendant Cestaro controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing, and as to determining the rate and method of the payment of wages with respect to the plaintiff and those similarly situated.

11. At all times herein pertinent, defendants were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

12. At all times hereinafter pertinent, the defendant Servco was an industry engaged in commerce.

13. Upon information and belief, for at each of the calendar years from 2008 to 2010, inclusive, the gross receipts of Servco were not less than $500,000.

14. At all times herein pertinent, the defendant Cestaro acted as the employer of the plaintiff and those similarly situated within the meaning of the FLSA and the NYLL.

## *JURISDICTION AND VENUE*

15. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et. seq., and plaintiff relies upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the State law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law. Additionally, this Court has the authority to issue declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

16. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *COLLECTIVE ACTION ALLEGATIONS*

17.   Plaintiff brings the First and Second Claims pursuant to the FLSA, on behalf of himself and those similarly situated past and present employees who performed cleaning services for the defendants while employed at the defendant Servco, who elect to opt into this Collective Action.

18.   The defendants named herein are liable under the FLSA for failing to compensate the plaintiff in accordance with Federal minimum wage and overtime guidelines. Upon information and belief, there are many similarly situated current and former employees of the defendants who are owed back wages pursuant to the FLSA for minimum wage and overtime violations who would benefit from the issuance of Court ordered and supervised notice of the instant action, permitting them to join this lawsuit. Those similarly situated employees are known to the defendants, are otherwise identifiable, and can, upon information and belief, be located through the defendants' records. This Court, in its discretion, can order the appropriate form of notice pursuant to 29 U.S.C. § 216(b).

## *NEW YORK CLASS ACTION ALLEGATIONS*

19.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the plaintiff herein brings the Second, Third and Fourth claims under the NYLL on behalf of himself and a class similarly situated; namely:

> All persons employed by Servco Industries, Inc. based out of 1315 Blondell Avenue Bronx, NY 10461 who provided cleaning services between the period of April 25, 2005 and the date of final judgment in this Class Action.

5

20. Excluded from the aforementioned Class are the defendants, their legal representatives, heirs, officers, assigns and successors, or any individual who at any time during the class period had a controlling interest in the defendant Servco, or acted as *bona fide* supervisors.

21. Upon information and belief, the members of this class will exceed 100 people making joinder impracticable. The precise number of members is not known at this point because such knowledge is exclusively available to the defendants.

22. There are common questions of law and fact that exist as to a Class that predominate over any questions affecting class members individually which include, but are not limited to:

　　i)　whether the defendants engaged in a pattern and practice of failing to pay the Class Members the applicable minimum wages in violation of the NYLL;

　　ii)　whether the defendants engaged in a pattern and practice of failing to pay the class members the overtime wages at a premium rate in violation of the NYLL;

　　iii)　whether the defendants engaged in a pattern and practice of failing to pay Class Members for spread of hours pay in violation of the NYLL;

　　iv)　whether the defendants failed to comply with the posting requirements with respect to wages in violation of the NYLL;

　　v)　whether in accordance with the requirements of the NYLL the defendants kept adequate records with respect to wages it paid to its employees; and

    vi)    whether in accordance with the requirements of the NYLL the defendants furnished the plaintiff and those similarly situated with statements of wages that are compliant with the law.

23. The typicality requirement is met insofar as the claims of the named plaintiff are typical of the claims of the New York Class they seek to represent. The statutory and regulatory protections afforded by the NYLL asserted herein are applicable to and protective of the named plaintiffs and Class Members. The named plaintiff, as well as the Class Members, have all been injured as a result of defendants' policy and practice of violating such provisions.

24. Plaintiff will fairly and adequately represent and protect the interests of all Class Members. The named plaintiff's claims are typical of the claims belonging to all Class Members, and there is no conflict between the plaintiff and Class Members. Additionally, the named plaintiffs have retained competent counsel who is experienced in complex litigation.

25. With notions of fairness and efficiency in mind, a class action is the superior method of adjudicating this litigation. The named plaintiff and Class Members are and were victims of the same policy and practice, instituted by the same defendants, which violated the same wage provisions of the NYLL. The individual damages sustained by Class Members are small in comparison to the cost likely to be incurred in prosecuting this litigation making a unitary action more efficient. Upon information and belief, many of the individual Class Members do not have the financial resources to adequately prosecute this claim, and absent a

class action they would not have any redress. Furthermore, unitary litigation will ensure a consistent verdict and otherwise obviate the need for duplicative litigation.

26. In accordance with the Federal Rules of Civil Procedure 23(b)(3) this action can be maintained as a class action.

### *INDIVIDUAL PLAINTIFF*

27. The individual plaintiff was an employee of the defendants, and each of them, whose employment entailed providing cleaning services. He seeks to bring this claim on his own behalf as well as on behalf of those similarly situated employees.

### *PLAINTIFF MENDES-GARCIA'S FACTUAL ALLEGATIONS*

28. Plaintiff Mendes-Garcia was hired by the defendants in or about 2001 and was employed until on or about January 25, 2011. Plaintiff's work for the defendants entailed providing cleaning services to offices and large well known retail establishments.

29. At all times pertinent herein, Plaintiff regularly handled goods in interstate commerce, such as cleansers, cleaning apparatuses, and other goods and supplies produced outside the State of New York.

30. Plaintiff Mendes-Garcia's duties did not entail the exercise of independent judgment or discretion.

31. Throughout the course of his employment with the defendants plaintiff Mendes-Garcia consistently worked 7 days per week far in excess of 40 hours. His work schedule was initially 10 P.M. to 7 A.M., with a one hour meal break. Plaintiff's paychecks were always approximately $350, and several hours per week were routinely not reflected in his paycheck. This shift was worked by plaintiff throughout his employment with the defendants and he consistently worked in the K-Mart at 250 West 34th Street in Manhattan.

32. In or about 2006, the defendants offered plaintiff an additional shift, but told him that he would have to work this shift under another name because according to them they could not pay him anymore under his name. Plaintiff accepted the additional part time position, and was instructed to fill out an employment application under the name of Orlando Galvan. This second shift was also 7 days per week and was from 7:30 am to 10:30-11:00 AM. Plaintiff's paychecks for this second shift were typically for about $150.00. During this shift plaintiff provided cleaning services to Loehmann's at 101 7th Avenue, (14th Street) in Manhattan, at FAO Schwarz and a variety of offices. Both of these positions continued until Plaintiff was dismissed from his full time position at Christmastime of 2010, but continues to work at the part time position.

33. No notification, either in the form of posted notices or otherwise, was ever provided to plaintiff Reyes regarding overtime and wages as required under the FLSA and NYLL.

34. Until recently, consistent with the defendants' policies and practices mentioned herein, the named plaintiff was injured insofar as he did not receive proper minimum wages, any overtime premium, nor did he receive split-shift/spread of hours pay, and several hours per week were routinely not reflected in his paycheck.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

35. The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

36. In violation of 29 U.S.C. §§ 206, 216(b) the defendants have failed to pay plaintiffs, and other members of this Collective action the applicable minimum wage.

37. The defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

38. All of the foregoing constituted willful and repeated violations, the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### AS AND FOR A SECOND CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

39. The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

40. In violation of 29 U.S.C. §§ 207, 216(b) the defendants have failed to pay plaintiff, and other members of this Collective action overtime pay at premium rate of one and one half times their regular rate of pay.

41. The defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

42. All of the foregoing constituted willful and repeated violations, the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

## *AS AND FOR A THIRD CAUSE OF ACTION*
## *NEW YORK STATE LABOR LAW*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## *(MINIMUM WAGE)*

43. The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

44. The defendants herein willfully and in bad faith violated Article 19 of NYLL § 650 *et. seq.*, and accompanying regulations, by failing to pay plaintiff and other similarly situated Class Members the applicable minimum wage.

## *AS AND FOR A FOURTH CAUSE OF ACTION*
## *NEW YORK STATE LABOR LAW*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## *(OVERTIME)*

45.  The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

46.  The defendants herein knowingly, willfully and in bad faith violated Article 6 & 19 of the NYLL and its accompanying regulations, namely 12 NYCRR §142-2.2, by failing to pay plaintiff, and their similarly situated Class members, overtime pay at premium rate of at least one and one half times their regular rate of pay.

## *AS AND FOR A FIFTH CAUSE OF ACTION*
## *NEW YORK STATE LABOR LAW*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## *(SPREAD-OF-HOURS & SPLIT-SHIFT PAY)*

47.  The plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

48.  The defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay plaintiff and the other similarly situated Class Members, one hour's pay at minimum wage rate for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

## *JURY DEMAND*

49. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

## *PRAYER*

*WHEREFORE*, plaintiff, individually and on behalf of other persons similarly situated, prays for relief as follows:

    A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by the Defendants providing cleaning services; and further, that such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their duly earned wages;

    B.    That, pursuant to FLSA's statutory and regulatory scheme, that this Court award unpaid minimum wages and overtime pay, and an additional equal amount in liquidated damages;

    C.    That, this Court, pursuant to FLSA § 217, enjoin the defendants from further violating the defendants from further violating the FLSA;

D. That, this Court declare that the defendants violation of FLSA's minimum wage and overtime provisions was knowing and willful;

E. That, pursuant to NYLL's statutory and regulatory scheme, that this Court award unpaid minimum wages, overtime pay and spread of hours pay;

F. That, pursuant to NYLL, that this Court enjoin the defendants from further violating the applicable State wage and hour laws;

G. That, this Court certify this case as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

H. That, this Court designate plaintiff as a Class representatives, and designate the undersigned as Class Counsel;

I. That the undersigned be awarded reasonable attorneys' fees and the costs of this action; together with

J. pre-judgment interest and post-judgment interest; and

K. any further relief that this Court may deem just, proper and equitable.

Dated: New York, New York
April 25, 2011

        Respectfully submitted,
        LAW OFFICES OF WILLIAM CAFARO

        _____
        William Cafaro (WC2730)
        Attorneys for Plaintiffs
        19 West 44th Street, Ste. 1500
        New York, New York 10036
        (212) 583-7400
        File No. 52613

TO:

77 DEERHURST CORP d/b/a SERVCO INDUSTRIES, INC.
1315 Blondell Avenue
Bronx, NY 10461

CHARLES CESTARO
77 Deerhurst Road
Scarsdale, NY 10583

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FILBERTO MENDES-GARCIA, Individually and on     Case No.
Behalf of All Other Past and Present Similarly
Situated Employees,

                            Plaintiffs,

            -vs.-

77 DEERHURST CORP d/b/a SERVCO INDUSTRIES, INC.
and CHARLES CESTARO

                            Defendants.
-------------------------------------------------------------------X

## COMPLAINT (CLASS ACTION)

LAW OFFICE OF WILLIAM CAFARO
Attorneys for Plaintiffs
19 West 44th Street, Ste. 1500
New York, New York 10036
(212) 583-7400
File No. 52613